## LANDON v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co
No. 1939. Decided March 5, 1931

L. E. Andrews and F. S. Monnett, Columbus, for Landon.

D. J. Hoskins, Pros. Atty., Columbus, for Indust. Comm.

728

*HORNBECK, J.*

E. O. Richards, who was working in the factory at the time that Mr. Landon fell, and was within twenty feet of him and went to him immediately after his fall, testified as to the circumstances surrounding the accident.

At pages 3 and 4 these questions were put and answers made:

"Q. When you came in was he giving any evidence of pain, moaning or otherwise? A. Yes, sir, he was groaning.

"Q. How long did he remain on his back in the position you saw him? A. Just as soon as I could get a hold of him I sat him on a box.

"Q. From the time you heard the fall and until you got there, how many minutes was it? A. I came right away.

"Q. How many feet did you come? A. Fiften or twenty feet."

And then this question number 36 was put:

"Q. Did he make any immediate complaint of his back, head or groin?"

The answer tendered, but not received, was:

"He said his back hurt him all the time."

In our judgment, the witness should have been permitted to answer this question. It was so close in point of time to the accident, and in sequence of events as to be a part of the res gestae. Also admissible un-

der **Taylor v Industrial Commission of Ohio,** **13 Oh Ap 262,** and **Haubrock v Lamping, 20 Oh Ap 307.** It was important because it had a tendency to disclose that he had suffered injury to his back from the fall, and subsequent developments of pain were related largely to the region of his back. However, this witness was permitted to testify as to Mr. Landon holding his hand on his back, and two or three other witnesses also testified to the same general condition. The record definitely disclosed that he fell on his back and was prone when Mr. Richards picked him up, so that although this testimony should have been received, we do not believe that it was prejudicial, upon a fair consideration of all the evidence.

The most difficult question with which we are confronted relates to the weight of the evidence. Here was a man 70 years of age who had been regularly employed at the same place where he was working the day that he fell, had not missed a day for years. The only evidence in any way tending to show that he was suffering from malignant growth was the fact that he was observed to urinate frequently. It is common knowledge that this condition is frequently found in old age, by reason of prostate trouble, in no wise related to cancer. All the evidence available tends to support the contention that he died of a carcinomatous condition of the prostate and bladder.

Dr. Baldwin fixes the ordinary period of the progress of cancer from its inception to death at two years. He also says that the course of this cancer was so contrary to the ordinary course of cancers, whether of the kidney or of the bladder or of the prostate gland, that one would hardly feel like saying it was caused by the injury, because he did not live long enough. Six weeks is too quick. He also said that whether or not cancer caused the death would depend on whether metastasis of the original cancer of the prostate had taken place. Dr. Turner testifies that metastasis did occur, the cancer spreading from the prostate to the bladder.

Dr. Junkerman, question 15, page 30 of the record, was permitted to answer the hypothetical question, to which objection had heretofore been made and sustained, and his answer is significant:

"A cancerous growth is exceedingly fragile, so fragile that a gentle examination often produces beating and one injury to a cancerous growth often by rough examination or moderately rough examination tends to start a metastasis, that means a spread of the growth through the lymph vessels to the neighboring lymph glands and organs which greatly accelerate its progress."

Witnesses who attended Mr. Landon told of his passing blood after but not before the fall.

Therefore, if we were determining this case, we would be disposed to say that this fall, which beyond question was severe, and caused injury to the back, in view of the fact that there was nothing to indicate the cancer had reached a stage which would cause death in six weeks at the time of the accident, in conjunction with the rapid decline and quick death thereafter, materially hastened Mr. Landon's death. But the evidence was susceptible of another determination, which the jury had the right to make. We therefore can not interpose our judgment for that of the jury, there being credible evidence upon which it could base its verdict.

Complaint is made of the charge of the court. We have examined it carefully, and find it a full and correct exposition of the law. It fully protected plaintiff's rights, and not only stated, but restated the proposition that she could recover if the jury found from the evidence that the death of Mr. Landon was accelerated or hastened by his fall.

We therefore are of opinion after a careful consideration of this record, that there is no error therein which would warrant a reversal of the judgment. It will, therefore, be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.